```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| KEVIN MARK HOLMES,<br><br>           Plaintiff,<br>    v.<br><br>CAMDEN COUNTY<br>CORRECTIONAL FACILITY,<br><br>           Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-07404 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:
Kevin Mark Holmes, Plaintiff Pro Se
617 N. White Horse Pike, Apt. 16
Lindenwold, NJ 08021

**SIMANDLE, Chief District Judge:**

　　1.　Plaintiff Kevin Mark Holmes seeks to bring a civil rights complaint against Camden County Correctional Facility ("CCCF") pursuant to 42 U.S.C. § 1983 for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

　　2.　28 U.S.C. 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is

1

subject to *sua sponte* screening for dismissal under Section 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. Rule 8 of the Federal Rules of Civil Procedure requires pleadings to contain "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(1)-(3).

4. Plaintiff has named CCCF as the sole defendant in the Complaint. However, the Complaint itself is blank with respect to facts, dates, times, location, injury and requested relief in connection with Plaintiff's claims against CCCF. *Id.* §§ III-V. As such, the Court cannot discern what cause of action Plaintiff intends to pursue against CCCF. The Complaint must therefore be dismissed for failure to state a claim.

5. To survive *sua sponte* screening for failure to state a claim[1], the Complaint must allege "sufficient factual matter" to

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

6. Here, Plaintiff's Complaint alleges no facts whatsoever in relation to a statement of claim against CCCF (Complaint § III), purported injuries caused by CCCF (*id*. § IV), or requested relief sought from CCCF (*id*. § V).

7. Accordingly, Plaintiff's claims must be dismissed because the Complaint does not set forth any factual support for the Court to infer that a constitutional violation has occurred.

8. Plaintiff may be able to amend the Complaint to address the deficiencies noted by the Court. To that end, the

3

Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.[2]

9. Plaintiff is further advised that any amended complaint must plead specific facts regarding the alleged violations. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

10. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

---

[2] The amended complaint shall be subject to screening prior to service.

4

11. For the reasons stated above, the Complaint is dismissed without prejudice for failure to state a claim.

12. An appropriate order follows.


**February 22, 2017**       **s/ Jerome B. Simandle**
Date       JEROME B. SIMANDLE
     Chief U.S. District Judge